IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NAITHAN C. BRAZILLE,**

  **Plaintiff,**

  v.              CASE NO. 25-3078-JWL

**(FNU) (LNU), CENTURION**
**HEALTH SERVICES ADMINISTRATOR, et al.,**

  **Defendants.**

**MEMORANDUM AND ORDER**
**TO SHOW CAUSE**

  Plaintiff Naithan C. Brazille is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I.  Nature of the Matter before the Court**

  Plaintiff filed this action on March 14, 2025, in the District Court of Butler County, Kansas. (Doc. 1–1, at 1.)  The matter was removed to this Court on April 28, 2025, pursuant to 28 U.S.C. §§ 1441 and 1446.  (Doc. 1.)  Plaintiff is a prisoner at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF").

  Plaintiff alleges that he was attacked by another inmate on April 21, 2021, suffering a broken neck, bent spine, broken collarbone, and other injuries.  (Doc. 1-1, at 1.)  Plaintiff was incarcerated at the El Dorado Correctional Facility ("EDCF") at the time.  Plaintiff alleges that he had existing injuries from a previous attack occurring in April of 2020 at the Sedgwick County Adult Detention Facility.  *Id*. at 2.  He states that CCI Kuntz found him lying on the floor of his cell and called for medical assistance.  Plaintiff was put in a neck brace and transported to the

infirmary in a wheelchair. An ambulance was called, and Plaintiff was taken to the hospital. *Id.* at 6. The emergency room doctor prescribed a neck and back brace and Lortabs 10 mg for two weeks. Plaintiff was instructed to follow up in six weeks, but the follow up "never happened." *Id.*

Upon his return to EDCF, he was placed in administrative segregation for his safety. He remained there for seven or eight months. *Id.* Plaintiff alleges that after about two months, he was denied any type of pain medication. *Id.* He further asserts that he was denied physical therapy. *Id.*

Plaintiff argues that the defendants failed to protect him because they should have been aware of his medical needs and placed him in administrative segregation for his safety upon arrival at EDCF. He further asserts that by denying him pain medication and physical therapy, Centurion was deliberately indifferent to his serious medical needs.

Plaintiff names as defendants: Centurion Health Services Administrator; Tommy L. Williams, Warden of EDCF; and Centurion of Kansas, LLC. Plaintiff seeks compensatory and punitive damages.

## II. Statutory Screening of Prisoner Complaints

Plaintiff filed this action in state court, and Defendants removed the action to this Court. However, because Plaintiff is a prisoner and his Complaint seeks redress from a governmental entity or officer or employee of a governmental entity, it is subject to screening under 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A(a) ("The Court shall review . . . as soon as practical after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *see also Crosby v. U.S. Attorney's Office*, 2020 WL 1271825, at *3 (D. Kan. 2020) (screening amended complaint after removal from state court); *King v. Hill*, 2022 WL 1185124, at *3 (S.D. Ill. 2022) (finding that claims properly removed

to the federal court were subject to screening under Section 1915A); *Biron v. Carvajal*, 2021 WL 3047250, at *35 (D. Minn. 2021) (stating that "the Court agrees with Defendants that cases removed from state court are subject to screening under § 1915A" and "courts in this District have done so"); *Johnson v. Bedwell*, 2017 WL 4539918, at *1 (S.D. Ind. 2017) ("Although the filing fee was paid at the time this action was removed to this Court, this action is still subject to screening under 28 U.S.C. § 1915A.").

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are

insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). Plaintiff does not allege that he was unaware of the facts supporting his causes of action when they occurred in 2021.

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id.* at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009). "While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute."

*Cash v. City of Durant*, 2024 WL 1573947, at *3 (10th Cir. 2024) (unpublished) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)). Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.

It plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his original action on March 14, 2025, based on events occurring in April 2021. *See Jones v. Reiling*, Case No. 20-3068, at Doc. 1 (D. Kan.). It thus appears that any events or acts of Defendant Williams or the Centurion defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).

Plaintiff should show good cause why the Complaint is not subject to dismissal as barred by the statute of limitations.

**IV. Motions**

    **A. Motion to Appoint Counsel**

Plaintiff filed a motion in state court seeking appointment of counsel. (*See* Doc. 4, at 22.) He states that he is indigent and unable to retain counsel. *Id*.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that

there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).  It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

### B.  Motion to Dismiss (Doc. 7)

Defendant Centurion of Kansas, LLC has filed a Motion to Dismiss (Docs. 7, 8).  Because the Court finds the Complaint subject to dismissal upon screening as described above, the Court defers ruling on the motion to dismiss until Plaintiff has had an opportunity to respond to this order.

## V.  Response Required

This case is subject to dismissal.  Plaintiff is required to show good cause why his Complaint should not be dismissed as barred by the statute of limitations.  Failure to respond by the deadline may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Appoint Counsel is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **June 16, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated May 16, 2025, in Kansas City, Kansas.**

> **S/   John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**