IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NAITHAN C. BRAZILLE,**

    **Plaintiff,**

    v.                                      **CASE NO. 25-3078-JWL**

**(FNU) (LNU), CENTURION**
**HEALTH SERVICES ADMINISTRATOR, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. Plaintiff filed this action on March 14, 2025, in the District Court of Butler County, Kansas. (Doc. 1–1, at 1.) The matter was removed to this Court on April 28, 2025, pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1.) On May 16, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 7) ("MOSC") ordering Plaintiff to show good cause by June 16, 2025, why his Complaint should not be dismissed as barred by the statute of limitations. This matter is before the Court on Plaintiff's response (Doc. 10).

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

1

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). Plaintiff does not allege that he was unaware of the facts supporting his causes of action when they occurred in 2021.

A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009). "While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Cash v. City of Durant*, 2024 WL 1573947, at *3 (10th Cir. 2024) (unpublished) (citing *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

The MOSC found that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his original action on March 14, 2025, based on events occurring in April 2021 at the El Dorado Correctional Facility ("EDCF"). It thus appears that any events or acts of Defendant Williams or the Centurion defendant taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995) (district court may consider affirmative defenses

*sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).

In his response, Plaintiff states, "Due to ongoing of injuries prevented me from getting everything filed on time due to being in a wheelchair and not getting proper aids or assistance to help me." (Doc. 10, at 1.) He mentions nerve damage in his hands and arms preventing him from holding a pen for more than 5 minutes, permanent damage to his head, vision problems, dizziness, severe carpal tunnel syndrome, and loss of strength bilaterally. *Id.*

Construing that argument liberally in his favor, Plaintiff may be arguing that the continuing violation doctrine should save his claims from being time-barred. The continuing violation doctrine developed in the context of a hostile work environment claim based on Title VII, but the Tenth Circuit has found it may be applied to appropriate § 1983 claims. *Herrera v. City of Espanola*, 32 F.4th 980, 994 (10th Cir. 2022). "[T]he continuing violation doctrine applies when the plaintiff's claim seeks redress for injuries resulting from a series of separate acts that *collectively constitute one unlawful act*, as opposed to conduct that is a discrete unlawful act." *Id.* at 993 (quoting *Hamer v. City of Trinidad*, 924 F.3d 1093, 1098-99 (10th Cir. 2019)). If any of the contributing separate acts occurred within the statute of limitations, the entire course of conduct can be pursued. *Id.* "An important caveat to the continuing violation doctrine, however, is that it is triggered by continual unlawful acts, not by continual ill effects from the original violation." *Id.* at 993 (quoting *Hamer*, 924 F.3d at 1099). "[T]he continuing violation doctrine . . . would apply here only when a particular defendant allegedly committed wrongful acts within, as well as outside, the limitations period." *Vasquez v. Davis*, 882 F.3d 1270, 1277 (10th Cir. 2018).

Plaintiff makes essentially two claims in this lawsuit. The first is a failure to protect claim based on the April 2021 incident where he was injured by another inmate at EDCF, and the second

is a claim that he received inadequate health care claim for the injuries he received from the same incident and two prior incidents occurring before he arrived at EDCF.  The failure to protect claim is based on a single incident occurring well beyond the limitations period, and there does not appear to be any argument for application of the continuing violation doctrine.  As for the inadequate health care claim, Plaintiff asserts ongoing ill effects of those injuries.  (*See* Doc. 10, at 1: "All injuries are still on going at this point.")  He does not argue that there has been a continual unlawful act or "a series of individually unactionable occurrences that make out a violation only when combined."  *Herrera*, 32 F.4th at 1002.

Moreover, Plaintiff names two defendants in his Complaint, the Centurion Health Services administrator at EDCF and the warden of EDCF.  According to online records of the KDOC[1], Plaintiff was transferred out of EDCF on May 19, 2021, and has not returned.  Therefore, neither defendant could have committed wrongful acts against Plaintiff within the two-year limitations period, making the continuing violation doctrine inapplicable for that reason as well.

Plaintiff may instead be arguing for the application of equitable tolling of the statute of limitations.  Kansas recognizes the doctrine of equitable tolling.  *Matter of Bell*, 529 P.3d 153, 157 (Kan. 2023).  The Kansas Supreme Court ("KSC") explained in *Bell* that "[u]nder certain circumstances, 'equitable estoppel can be applied to bar a party from relying on the defense of the statute of limitations.'"  *Bell*, 539 P.3d at 157 (quoting *Rockers v. Kansas Turnpike Authority*, 991 P.2d 889 (1999).  The burden is on the party claiming application of equitable estoppel.  *Id*.  That party must show that another party induced it to believe certain facts existed, by action or silence; it rightfully relied and acted on such belief; and it would be prejudiced if the other party were allowed to deny the existence of such facts.  *Id*.  The KSC also noted that equitable tolling under

---

[1] KASPER Offender Population Search; https://kdocrepository.doc.ks.gov/kasper/.

federal law requires a plaintiff to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 645-46 (2010)).  The KSC then applied both tests to the question of whether equitable tolling applied to toll the statute of limitations in a state wrongful conviction action.  *Id.* at 154.

Plaintiff has not shown that Defendants affirmatively induced him into delaying his filing of this § 1983 action or that despite pursuing his rights diligently, some "extraordinary circumstances" prevented the timely filing.  *Dartez v. Peters*, Case No. 15-3255-EFM-DJW, 2018 WL 1138282, at *6 (D. Kan. March 2, 2018) (citation omitted).  Extraordinary circumstances that could warrant equitable tolling include "when the defendant's conduct rises to the level of active deception; where a plaintiff has been lulled into inaction by a defendant, and likewise, if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights."  *Farhat v. United States*, No. CIV-19-401-SPS, 2020 WL 5751618, at *4 (E.D. Okla. Sept. 25, 2020) (quoting *Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1246 (10th Cir. 2012); *United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001)).  Neither pro se status nor a misunderstanding of law and legal procedure are sufficient to establish extraordinary circumstances.  "[I]t is well established that ignorance of the law, even for an incarcerated pro se [plaintiff], generally does not excuse prompt filing."  *Caballero v. Wyandotte County Sheriff's Dep't*, 789 F. App'x 684, 687 (10th Cir. 2019) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)); *see also Bell*, 529 P.3d at 157 (quoting *State v. Fox*, 453 P.3d 329 (Kan. 2019) ("[M]ere ignorance of the law is not a basis for equitable tolling of a statute of limitations, even for pro se prisoners.")).  Illiteracy and unfamiliarity with the English language are also not

5

extraordinary circumstances for purposes of equitable tolling. *See Yang v. Archuleta*, 525 F.3d 925, 929-930 (10th Cir. 2008).

While Plaintiff asserts numerous physical disabilities, he does not demonstrate an extraordinary circumstance that would entitle him to equitable tolling of the limitation period. Plaintiff cites no authority finding disabilities similar to those he suffers amount to extraordinary circumstances, and the Court has found none.

Another type of tolling is provided by Kansas statutes. K.S.A. § 60-515(a) sets forth tolling for persons under legal disability, providing as follows:

> (a) *Effect.* Except as provided in K.S.A. 60-523, if any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued or at any time during the period the statute of limitations is running, is less than 18 years of age, an incapacitated person or imprisoned for a term less than such person's natural life, such person shall be entitled to bring such action within one year after the person's disability is removed, except that no such action shall be commenced by or on behalf of any person under the disability more than eight years after the time of the act giving rise to the cause of action.
>
> Notwithstanding the foregoing provision, if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability.

K.S.A. 60-515(a).

Plaintiff does not provide factual support for a finding that he is legally incapacitated. *See Eden v. Webb*, 2022 WL 621317, at *2 (D. Kan. 2022) ("The problem with Plaintiff's tolling argument is that his allegations do not demonstrate that he was legally incapacitated."). The Court in *Eden* found that the Kansas Legislature has provided a definition of "incapacitated person" to be used in construing Kansas statutes:

> 'Incapacitated person' means an individual whose ability to receive and evaluate relevant information, or to effectively communicate

>decisions, or both, even with the use of assistive technologies or other supports, is impaired to the degree that the person lacks the capacity to manage the person's estate, or to meet essential needs for the person's physical health, safety or welfare, as defined in K.S.A. 2002 Supp. 59–3051, and amendments thereto, whether or not a guardian or a conservator has been appointed for that person.

*Id.* (citing K.S.A. § 77-201)[2]. The Court went on to find that:

>Plaintiff offers no evidence that he was impaired to the degree that he could not manage his own affairs or was not capable of meeting his essential needs. Plaintiff claims he suffered memory loss and a brain injury. These allegations are insufficient to establish that Plaintiff was incompetent at any time following his injury, let alone that he was incompetent for the approximately two years between his arrest and his viewing of the body camera footage. *See Farhat v. Bd. of Cty. Comm'rs of Stephens Cty.*, No. CIV-06-468-R, 2008 WL 441684, at *4 (W.D. Okla. Feb. 14, 2008) (finding plaintiff's allegations of short-term memory loss and brain injury were insufficient to establish incompetence such that statute of limitations should be tolled). *See also Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (the plaintiff has the burden of establishing a factual basis for tolling the statute of limitations); *Slayden v. Sixta,* 825 P.2d 119, 122 (Kan. 1992).

*Id.* at *3.

Plaintiff has not shown that his injuries and resulting disabilities warrant tolling based on legal incompetency. His allegations do not show that his ability to receive and evaluate information or to communicate decisions was impaired to the degree that he could not manage his own affairs. Plaintiff bears the burden of establishing a factual basis for tolling, and he has not met that burden.

Plaintiff has failed to show good cause why his Complaint should not be dismissed.

---

[2] Parts of this statute were amended by 2025 Kansas Laws Ch. 40 (H.B. 2359). It appears that the only change to the cited language is the substitution of "section 25" for K.S.A. 59-3051 in the cited paragraph.

7

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim upon which relief may be granted.[3]

**IT IS FURTHER ORDERED** that any pending motions are **denied** as moot.

**IT IS SO ORDERED**.

**Dated July 7, 2025, in Kansas City, Kansas.**

                                          **S/ John W. Lungstrum**
                                          **JOHN W. LUNGSTRUM**
                                          **UNITED STATES DISTRICT JUDGE**

---

[3] A dismissal as time-barred is for failure to state a claim and is a strike. *Smith v. Veterans Admin.*, 636 F.3d 1306, 1313 (10th Cir. 2011).